**Floralba BURBANO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 89 CV 703.**

United States District Court, E.D. New York.

Oct. 27, 1989.

---

Dreyer & Traub, New York City (Stuart M. Fishman, of counsel), for plaintiff.

Andrew J. Maloney, U.S. Atty., Brooklyn, New York (Mark D. Lansing, Asst. U.S. Atty., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action to enjoin defendant United States from enforcing a federal tax lien against certain premises in Woodside, Queens County, New York ("the premises"). Plaintiff, by order to show cause, moved for a preliminary injunction. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross moved for summary judgment granting a permanent injunction.

### I.

The pertinent facts are not in dispute. Louis Forero, who acquired the premises from a prior owner, deeded the property to Maria Vergara on December 13, 1985. She recorded the deed on January 7, 1986.

On February 27, 1987, the Internal Revenue Service ("IRS") assessed Vergara for $535,604.91 in unpaid taxes, and a week later, on March 4, 1987, the United States filed a Notice of Federal Tax Lien with the Queens County Clerk against the name of Maria Mercedes Vergara as well as under her two aliases, Mercedes Garcia and Machita.

However, the Queens County Clerk did not index the lien until May 6, 1987, listing (incorrectly) that day as the filing date and listing (correctly) the assessment date as February 27, 1987.

In the meantime, Vergara had reconveyed the premises to Forero by deed on March 25, 1987. It is not clear whether Forero paid any consideration. He did not record the deed from Vergara until June 9, 1987, more than a month after the lien was indexed. On November 18, 1987, Forero conveyed his interest in the premises to plaintiff Burbano. Plaintiff recorded the deed on December 16, 1987. The Internal Revenue Service issued a Notice of Seizure to plaintiff on July 25, 1988, and on February 15, 1989 issued a Notice of Public Auction Sale for March 30, 1989. This action followed.

### II.

If a person liable to pay any tax neglects or refuses to pay the tax after demand the amount "shall be a lien in favor of the United States" on the property "belonging to such person." 26 U.S.C. § 6321 (1982). The lien arises "at the time the assessment is made" and continues until the liability is "satisfied." 26 U.S.C. § 6322 (1982). However, under Section 6323, as against "any purchaser" "the lien shall not be valid" until "notice" of it meeting the requirements of the section has been filed by the United States.

A "purchaser" means, so far as relevant here, a person "who, for adequate and full consideration in money or money's worth, acquires an interest" in property "valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6).

Forero was not a "purchaser" within the meaning of section 6323(h)(6) until such time as he filed the deed from Vergara with the clerk's office. As the Court of Appeals for the First Circuit held in *United States v. V. & E. Engineering & Construction Co., Inc.*, 819 F.2d 331, 335 (1st Cir.1987), when section 6323(h)(6) defines a "purchaser" as one who has an interest "valid under local law against subsequent purchasers without actual notice," it means that "the interest must be able to prevail against all hypothetical subsequent purchasers" and not merely actual purchasers or lienors.

A hypothetical *bona fide* purchaser could have bought the premises from Vergara after her conveyance to Forero, recorded it before June 9, 1987 (the date Forero recorded), and obtained good title under New York Real Property Law § 291. Thus, Forero could not be a "purchaser" under section 6323(h)(6) until June 9, 1987. Since Forero was not a "purchaser" at the time the lien was indexed on May 6, 1987, he bought the premises subject to the lien.

The United States does not dispute that plaintiff, on the other hand, was a "purchaser" within the meaning of section 6323. The question is whether plaintiff bought the premises free of the lien, and that turns on whether the United States provided notice of the lien in accordance with section 6323(f) before plaintiff made and recorded the purchase.

Section 6323(f) provides, in substance, that, if under the state law a deed is not valid against a *bona fide* purchaser unless its filing has been recorded in a public index, the tax lien is not valid against a purchaser unless the fact of its filing is recorded in a public federal tax lien index so that a reasonable inspection of the index will reveal the existence of the lien. *See* 26 U.S.C. § 6323(f)(4). The Queens County Clerk does maintain such an index, as required by state law. *See* New York Lien Law § 241.

Because at the time plaintiff bought the premises the county clerk's index contained all the information needed to determine that Forero took the premises subject to the lien, plaintiff (and her title insurance company) had notice of the existence of a valid lien. Plaintiff therefore takes the premises subject to the lien.

The court need not reach the question argued by the parties, namely, whether or not the indexing as well as the filing of the notice of the lien is required under New York law to meet the filing requirements of Section 6323(f).

Plaintiff argues that even if the United States' lien has priority, plaintiff may contest the legitimacy of the assessment against taxpayer Vergara. There is nothing to this. Under 26 U.S.C. § 7426(c), for purposes of a suit claiming a wrongful levy the assessment of a tax upon which the lien of the United States "is based shall be conclusively presumed to be valid."

Plaintiff's motion for a preliminary injunction and cross motion for summary judgment are denied. Defendant's motion for summary judgment is granted.

So ordered.